UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> YOASH AZAMA, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:22-cr-00060-GMN-NJK-1 <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Pending before the Court is the Motion for Compassionate Release ("MCR"),[1] (ECF No. 49), filed by Defendant Yoash Azama.  The Government filed a Response, (ECF No. 55), to which Defendant did not file a Reply.

The Court **DENIES** Defendant's Motion for Compassionate Release because he has not met his burden of showing extraordinary and compelling reasons warranting his release.

I. **BACKGROUND**

Defendant pleaded guilty to a three-count Information, charging him with one count of Money Laundering in violation of 18 U.S.C. § 1956(a)(3)(b), and two counts of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). (Mins. Proceedings, ECF No. 31).  On January 11, 2023, the Court sentenced Defendant to 60 months' imprisonment, followed by 12 months of supervised release. (Judgment ("J."), ECF No. 32).  Less than a year later, Defendant filed the instant Motion for Compassionate Release, (ECF No. 49).

---

[1] Pursuant to this Court's General Order 2020-06, the Federal Public Defender's ("FPD") office was appointed to determine if supplementation of Defendant's Motion was needed. (Notice Non-Supplementation, ECF No. 54). The FPD declined to file a supplement to Defendant's Motion. (*Id.*).  "This suggests that the [FPD's] office has already screened [Defendant's] [M]otion and determined that he is not eligible for compassionate release at this time." *United States v. Taylor-Nairn*, No. 18-cr-5094, 2023 WL 3738053, at *2 (W.D. Wash. May 31, 2023).

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. *Id.* A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he is eligible for compassionate release. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022) (explaining that it is the defendant's burden to establish his eligibility for compassionate release).

The Sentencing Commission has recently issued guidelines regarding when "extraordinary and compelling reasons" exist for compassionate release. U.S.S.G. § 1B1.13(b). The Guidelines note several relevant circumstances, including (1) the medical circumstances of the defendant; (2) the advanced age of the defendant resulting in "a serious deterioration in physical or mental health;" (3) "[t]he death or incapacitation of the caregiver of the defendant's minor child;" (4) whether the defendant, while in custody, was the victim of sexual or physical abuse; and (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above warrant compassionate release." *Id.*

## III. DISCUSSION

The Government does not dispute that Defendant has exhausted his administrative remedies. (Resp. 5:23–24, ECF No. 55).  Accordingly, the Court turns to whether Defendant has shown extraordinary and compelling reasons warranting compassionate release.  Defendant argues compassionate release is warranted for three reasons: (1) he is the only available caretaker for his incapacitated mother who suffers from anxiety and depression; (2) he is an irreplaceable caregiver to his minor daughter from a previous marriage; and (3) the armed conflict between Israel and Hamas, which did not exist at the time of his sentencing, would have altered the Court's § 3553(a) analysis because Defendant is an Israeli citizen and has family in Israel.[2] (MCR at 1).  The Court first addresses Defendant's claim that he is the only caregiver for his mother.

### A. Defendant Has Not Shown His Mother is Incapacitated or That He is the Only Available Caregiver for Her

Defendant first argues extraordinary and compelling reasons exist because he is the only available caretaker for his mother, who resides in Israel and whose health has declined following the outbreak of the war between Israel and Hamas. (MCR at 3–9).

The Sentencing Commission's policy statement provides that "family circumstances of the defendant" can constitute an extraordinary and compelling reason for compassionate release.  Specifically, extraordinary and compelling reasons may exist under § 1B1.13(b)(3)(C)

---

[2] The Court is not convinced that Defendant's desire to return to Israel because of the war between Israel and Hamas is an extraordinary or compelling reason warranting compassionate release. *See, e.g*, *United States v. Pribyl*, No. 22-cv-11522, 2023 WL 5745496, at *4 (11th Cir. Sept. 6, 2023) ("Fighting in Ukraine and protecting family members living abroad are not extraordinary and compelling reasons under the Guidelines."); *United States v. Wiggins*, No. 2:16-cr-20664, 2022 WL 806586, at *1 (E.D. Mich. Mar. 15, 2022) (finding the war between Ukraine and Russia did not present an extraordinary reason warranting compassionate release); *United States v. Demikh*, No. 15-cr-113, 2022 WL 26430903, at *3 (D. Minn. July 8, 2022) (same).  And the Court disagrees with Defendant's contention that had the war existed at the time of his sentencing, the Court would have altered its § 3553(a) analysis.  Accordingly, the Court's discussion is limited to Defendant's remaining two arguments.

where the defendant's parent is incapacitated and "the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

Defendant has not established that his mother is incapacitated or that he is her only available caregiver. Defendant's argument for why is mother is incapacitated is based on a sentence in his mother's medical records which states that she has "anxiety due to the security situation and [] is not capable of being left alone (she needs to be near a family member), and low mood." (Medical Records at 2, Ex. E to MCR, ECF No. 49-6). But this line, however, was given by Defendant's mother to her doctor to explain her "[c]omplaints/reasons for [her medical] visit[.]" (*Id.*). In other words, the doctor did not give an *objective* medical diagnosis that Defendant's mother could not be left alone; instead, it is Defendant's mother's *subjective* belief she cannot be left alone. And while the doctor did diagnosis Defendant's mother with anxiety and depression, the record does not support Defendant's contention his mother is otherwise unable to care for herself. *See United States v. Kim*, No. 21-cr-00044, 2022 WL 801425, at *3 (D. Haw. Mar. 16, 2022) (finding that the defendant's wife's anxiety and depression did "not render her incapacitated, as th[e] term is used in § 1B1.13" where the record did not show she "cannot otherwise care for herself"); *United States v. Bistodeau*, No. 4:17-cr-00100, 2022 WL 6731367, at *2 (D. Idaho Oct. 11, 2022) (finding that defendant's father's diagnosis of Leukemia, without more, did not constitute incapacitation).

Moreover, Defendant has not demonstrated he is the only available caregiver for his mother. Defendant acknowledges he has a brother and a sister who also reside in Israel. (MCR at 3). Defendant has not sufficiently explained why they cannot serve as caretakers for his mother, and otherwise provides no explanation as to "whether [other] household members, friends in the community, or relatives other than his siblings . . . would have the time, money, and resources to help with his mother's care." *United States v. Nishida*, No. 19-cr-00025, 2023

///

WL 7222875, at *3 (D. Haw. Nov. 2, 2023); *see United States v. Avila*, No. 18-cr-5205, 2022 WL 3346351, at *3 (W.D. Wash. Aug. 12, 2022) (denying compassionate release where defendant "ha[d] not established that he is the only available caregiver for his wife, his father, or his children").

The Court recognizes Defendant's incarceration places a heavy burden on his mother and family members. However, "the fact that an inmate has a . . . parent who could well benefit from the assistance from an incarcerated son or daughter would not constitute an extraordinary event." *United States v. Rouche*, No. 07-cr-0344 RSL, 2021 WL 2778577, at *5 (W.D. Wash. July 2, 2021). This makes sense because allowing for the release of defendants where there may be other options for care or in the absence of a showing of incapacitation would violate § 3582's "extraordinary and compelling reasons" requirement. *See id.* ("[T]he Court finds that incapacitation of the family member and the unavailability of other caregivers remain critical to the analysis because it ensures that the circumstances are truly extraordinary and compelling."). In short, Defendant has not established that his mother is incapacitated or that he is the only available caregiver for his mother.

**B. Defendant is Not the Only Available Caregiver for His Daughter**

Defendant further avers that his release is warranted because of the need to care for his minor daughter who resides in Israel, as his "ex-wife can no longer alone provide the needed care[.]" (MCR at 1). Defendant asserts that if he is released, his current wife is "ready, willing, and able to leave for Israel" to assist him in raising his minor daughter. (*Id.* at 4).

Section 1B1.13 contemplates extraordinary and compelling reasons due to the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or due to the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Avila*, 2022 WL 3346351, at *2 (quoting USGG § 1B1.13, Application Notes (1)(C)). District courts have interpreted this

language in note 1 of the commentary to U.S.S.G. § 1B1.13 to "involve situations where the defendant is an irreplaceable caregiver." *Id.* at *3 (denying compassionate release where defendant "ha[d] not established that he is the only available caregiver for his wife, his father, or his children"); *see United States v. Plaketta*, No. 19-cr-1097, 2022 WL 1736886 at *3 (S.D. Cal. Dec. 1, 2022) (denying compassionate release where defendant had not offered "any evidence his wife is the only family member capable of caring for his minor children").

 Defendant has not shown his ex-wife is incapacitated or that he is the only available caregiver. First, Defendant vaguely asserts his "ex-wife can no longer alone provide the needed care" but provides no explanation for why that is. It is Defendant's burden to show compassionate release is warranted. *Wright*, 46 F.4th at 951. The Court will not grant compassionate release based on conclusory arguments. Second, Defendant has not shown he is the only available caregiver for his daughter.[3] Defendant acknowledges in his Motion that his mother and siblings reside in Israel, and that his current wife is prepared to move to Israel to assist with raising his daughter. (MCR at 1, 4). And Defendant has not shown friends in the community or relatives other than his siblings are unable to assist with his daughter's care. *Nishida*, 2023 WL 7222875, at *3. Accordingly, Defendant has not shown his ex-wife is incapacitated or that the only available caregiver for his daughter.

In sum, Defendant has not met his burden to show that "extraordinary and compelling reasons" warranting compassionate release. Even if Defendant provided evidence demonstrating an extraordinary basis for compassionate release, the Court finds immediate release is not warranted pursuant to the 18 U.S.C. § 3553(a) factors. Defendant received a 60-month term of imprisonment. (J.). As of the time of this Order, Defendant has served nearly 12 months in custody, or approximately 20% of his sentence. Release at this relatively early stage

---

[3] For that matter, Defendant has never been a caretaker to his daughter. Defendant's presentence report explains that he has not seen his now eight-year-old daughter since she was two months old. This fact undercuts Defendant's contention he is an irreplaceable caregiver.

would not reflect the seriousness of defendant's conduct, nor would it promote the needs for deterrence and to protect the public. Accordingly, Defendant's Motion for Compassionate Release is DENIED.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 49), is **DENIED**.

**DATED** this __5__ day of January, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court